## JONATHAN B. HEALD *vs.* ABEL L. DAVIS.

The possession of a note by one of two joint makers after maturity, does not raise a presumption, as against his co-maker, that the whole note was paid by himself.

To an action of assumpsit, the defendant filed in set-off a claim for $150, one half the amount paid by him on a note, of which the following is a copy: " Carlisle, November 15th, 1850. In ninety days, for value received, we jointly and . severally promise to pay B. F. Heald, or order, $300. Abel L. Davis, Bradford Heald."

It was admitted that the plaintiff and defendant signed said note, and that it was given for a valuable consideration. To prove the payment of the whole of said note by himself, the defendant produced the note, with the names of himself and the plaintiff not erased. There was no other evidence offered on either side as to the set-off. *Hoar,* J. in the court of common pleas, ruled that the production of said note by the defendant, was not sufficient evidence to prove the payment of the whole of the same by himself. The jury found a verdict for the plaintiff. To this ruling the defendant excepted.

*J. G. Abbott,* for the defendant.

*G. M. Brooks,* for the plaintiff.

DEWEY, J. We do not question the correctness of the rule as stated in the cases of *McGee* v. *Prouty,* 9 Met. 547, and *Baring* v. *Clark,* 19 Pick. 220, that when a promissory note or bill of exchange has been negotiated, and afterward comes into possession of one of the parties liable to pay it, such possession is *primâ facie* evidence of payment by him. But this rule of law does not apply to a possession by one of two joint promisors in an action by him to recover of the other one half the amount thereof. In the former case, the possession is only to be accounted for, in the absence of evidence in relation to it, by the fact of payment, by the party holding it. Not so, as between copromisors. The possession by one of them is *primâ facie* evidence of payment of the note by them, or one of them; but inasmuch as the possession could not be by each individually, it would be found with one, although both had contributed equally to the payment. In other words, the possession by one does not, as against his copromisor, raise that inference of exclusive payment by the holder that would arise, where the note was held by an indorser, or a surety, or a sole promisor. *Exceptions overruled.*